IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CASE NO.: 4:18-cr-260 |
| ADAM CUSHMAN, | |
| Defendant. | |

## O R D E R

Like much of the world, inmates in federal prisons are understandably concerned about the health risks posed by the COVID-19 (coronavirus) pandemic. Given the recognized risks that the pandemic poses within detention facilities, many federal prisoners are filing motions for immediate release. Defendant Adam Cushman has filed such a motion, a Motion to Reduce Sentence. (Doc. 1340.) The Court is not unsympathetic to Cushman's concerns. However, Cushman must first petition the Bureau of Prisons ("BOP") to file a compassionate release motion on his behalf before coming directly to the Court for the extraordinary relief he seeks. Moreover, even if Cushman had exhausted his administrative remedies, he has not established extraordinary or compelling circumstances warranting his release or that the factors set forth at Section 3553(a) support his release. Thus, the Court **GRANTS** the United States' Motion to Dismiss, (doc. 1342), **DENIES** Cushman's Motion to Reduce Sentence, (doc. 1340), and **DENIES** his Motion for Appointment of Counsel.

## BACKGROUND

After Cushman pleaded guilty to guilty to comprising to possess with the intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846, the Court sentenced him to

108 months' imprisonment on May 30, 2019.  (Doc. 874.)  Cushman is serving that sentence at FCI Forrest City Low, located in Forrest City, Arkansas, with a projected release date of April 12, 2026.  (Doc. 1342, pp. 1—2.)  On July 14, 2020, Cushman filed the instant Motion, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), asking to be released from incarceration or to be placed on home confinement.  (Doc. 1340.)  Cushman maintains that the risk of transmission of COVID-19 within his detention facility when combined with his medical conditions creates a risk to his health.  Specifically, he states that he "is Hepatitis C positive, has high blood pressure (Hypertension 2), and has recently been confirmed of testing positive for the Coronavirus-for which there is no cure." (Id. at p. 9.)

The United States filed a Motion to Dismiss Cushman's Motion arguing that he failed to exhaust his administrative remedies and the BOP has sole discretion over home confinement designations. (Doc. 1342.) The Government contends that, pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court can only consider Cushman's request for compassionate release after he requests that the BOP file such a request on his behalf and then wait for the BOP to either deny the request or fail to respond for thirty days.  (Id. at pp. 10–14.)  Cushman filed a response to the Government's Motion in which he argued, among other things, that the Court should waive the exhaustion requirement.  (Doc. 1349, pp.1—4.)[1]

**DISCUSSION**

I.   **Defendant's Request to be Released to Home Confinement**

Designation of an inmate's place of confinement, including placement in home confinement, rests within the absolute discretion of the BOP.  Pursuant to 18 U.S.C. § 3621, "[a] person who

---

[1] Cushman also contends that the conditions of confinement within his facility constitute a violation of his Eighth Amendment rights. (Doc. 1349, pp. 21—29.) To the extent Cushman seeks to assert conditions of confinement claims via 42 U.S.C. § 1983, he would have to do so by way of a separate civil action in his district of confinement.

has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed . . . ." 18 U.S.C. § 3621(a). This statute gives the BOP the exclusive authority to designate the place of imprisonment of any prisoner. Id. at § 3621(b). The United States Supreme Court has interpreted this statute to mean that "the Attorney General, through the BOP, has the responsibility for administering [a prisoner's] sentence." United States v. Cushman, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)); see also United States v. Smalley, No. 1:13-CR-010, 2015 WL 5001189, at *1 (S.D. Ga. Aug. 21, 2015) ("the 'primary authority to designate defendant's manner and place of confinement at any stage during execution of [his] prison sentence rests with the Bureau of Prisons, not with the Court'") (quoting United States v. Morales–Morales, 985 F. Supp. 229, 231 (D.P.R. 1997)); Brown v. Atkinson, No. 09–23555–Civ, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program.") (cited sources omitted).

Recent developments surrounding the COVID-19 pandemic have not taken decisions regarding placement in home confinement outside the purview of the BOP. Cushman cites to a Memorandum from the Attorney General directing the Director of the Bureau of Prisons ("BOP") to prioritize the use of "various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." See Memorandum dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited October 22, 2020). As recently explained by the Honorable Lisa Godbey Wood of this Court:

> On March 26, 2020, the Attorney General directed the Director of BOP, upon considering the totality of the circumstances concerning each inmate, to prioritize the use of statutory authority to place prisoners in home confinement. That authority includes the ability to place an inmate in home confinement during the last six months or 10% of a sentence, whichever is shorter, see 18 U.S.C. § 3624(c)(2), and to move to home confinement those elderly and

> terminally ill inmates specified in 34 U.S.C. § 60541(g). Further, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, enacted on March 27, 2020, permits BOP, if the Attorney General finds that emergency conditions will materially affect the functioning of the BOP, to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate." On April 3, 2020, the Attorney General issued a memorandum directing BOP to "immediately maximize appropriate transfers to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elkton, and at other similarly situated BOP facilities where COVID-19 is materially affecting operations."

United States v. Allen, No. CR 214-024, 2020 WL 2199626, at *1 n.1 (S.D. Ga. May 6, 2020). "[A] request for home confinement under the CARES Act is different than a reduction-in-sentence (RIS) request based upon compassionate release." Id. at *1. To effectuate the Attorney General's March 26, 2020 and April 3, 2020 memoranda, the BOP is utilizing its authority under 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541—not the compassionate release provision of 18 U.S.C. § 3582(c). See Allen, 2020 WL 2199626, at *1. Neither Section 3624(c)(2) nor Section 60541 vests the Court with any authority to order the BOP to transfer a defendant to home confinement. Id. (denying request for home confinement and explaining that statutes Attorney General is using to implement CARES Act "do not authorize a federal court to order the BOP to release a prisoner"). Thus, neither the Attorney General's memoranda nor the statutes relied upon by the BOP to effectuate the memoranda authorize the Court to order that Cushman serve the remainder of his sentence in home confinement.

For all of these reasons, the Court lacks the authority to grant Cushman's request that he be released to home confinement. Only the BOP can grant him that relief. For this reason, the Court **DENIES** Defendant's Motion for release to home confinement.

**II.     Defendant's Request for Compassionate Release**

Title18 United States Code Section 3582(c)(1)(A) provides a narrow path for a district court to reduce the sentence of a criminal defendant where there are "extraordinary and compelling reasons" to do so.  18 U.S.C. § 3582(c)(1)(A)(i).  Prior to the passage of the First Step Act, only the Director of the BOP could file a motion for compassionate release in the district court.  The First Step Act modified Section 3582(c)(1)(A) to allow a defendant to move a federal district court for compassionate release.  However, there are four prerequisites to a court's granting compassionate release under the First Step Act.  First, the defendant must have exhausted his administrative rights with the BOP.  Id.  Second, the court must find that "extraordinary and compelling reasons warrant" release.  18 U.S.C. § 3582(c)(1)(A)(i).  Third, the court must consider the factors set forth in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A).  Fourth, the court must find that release is consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3582(c)(1)(A).  "The defendant generally bears the burden of establishing that compassionate release is warranted."  United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020) (citing United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013)).

**A. Defendant Failed to Demonstrate Exhaustion of his Administrative Remedies**

The United States argues that Cushman cannot meet the first of these requirements—exhaustion of administrative remedies—because he failed to exhaust his request for compassionate within the BOP.  Section 3582(c)(1)(A) prescribes that a defendant may file a motion for compassionate release only "after he has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from

5

the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

After the United States raised the issue of exhaustion in its Motion to Dismiss, Cushman then stated that he "filed his petition for home confinement/Sentence Reduction with the Warden via electronic notification, on or about, the first part of June." (Doc. 1349, p. 2.) Indeed, he attached his June 12, 2020 request and the warden's July 23, 2020, denial of that request to his Response. (Doc. 1349-1, pp. 1—2.) However, Cushman signed his Motion for Sentence Reduction on July 7, 2020, and it was filed in this Court on July 14, 2020. Using either of those dates as the filing date, thirty days had not passed between the filing of his Motion and his June 12, 2020 request to the warden. Moreover, though the warden notified Cushman that he could appeal the warden's denial, Cushman has not demonstrated that he "exhausted all administrative rights to appeal." 18 U.S.C. § 3582(c)(1)(A).

In his Response, Cushman essentially admits that the has not fully exhausted his administrative remedies by arguing that exhaustion is not a jurisdictional issue and that the Court should waive the requirement. As an initial matter, it is unclear whether the Court may excuse a defendant's failure to fulfill Section 3582(c)(1)(A)'s administrative exhaustion requirements. The United States District Court for the Middle District of Florida has explained that "[c]ourts around the country have been presented with the question of whether the administrative exhaustion or time provision may be waived and have reached different conclusions." United States v. Smith, No. 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *4 (M.D. Fla. May 15, 2020). Ultimately, after reviewing precedential guidance from the United States Supreme Court and the statute itself, the court in Smith concluded that the exhaustion requirement of Section 3582(c)(1)(A) was mandatory and could not be excused. Id. Further, as to the "unique circumstances of the COVID-

19 pandemic" specifically, the court found that a majority of district courts have found that those circumstances do not warrant waiver of the exhaustion requirement. Id. (collecting cases). The court in Smith followed those courts and found that the requirement was not waivable and denied the defendant's request for compassionate release due to his failure to exhaust. Id. at *4-5; see also Allen, 2020 WL 2199626, at *2 ("There is no futility exception to § 3582(c)(1)(A)'s administrative exhaustion requirement, and the Court declines to invent one.").

Nonetheless, other courts have found that the exhaustion requirement can be waived and have allowed some defendants who have not fully pursued their requests before the BOP to bring claims for compassionate release due to the COVID-19 pandemic. See, e.g., United States v. Pomante, No. 19-20316, 2020 WL 2513095, at *4 (E.D. Mich. May 15, 2020) ("due to the unique and unforeseen threat posed by the COVID-19 pandemic to this Defendant because of his specific health conditions, the exhaustion of administrative process can be waived"); United States v. Milner, No. 5:16-CR-32-5 (LAG-CHW), 2020 WL 2744088, at *3 (M.D. Ga. Apr. 20, 2020) (waiving exhaustion requirement where Defendant had multiple sclerosis and was unable, through no fault of his own, to submit his request for release to the warden); United States v. Zukerman, No. 16 CR. 194 (AT), 2020 WL 1659880, at *1 (S.D.N.Y. Apr. 3, 2020) (in light of defendant's age and pre-existing conditions, "[his] exhaustion of the administrative process can be waived in light of the extraordinary threat posed—in his unique circumstances—by the COVID-19 pandemic"). However, those courts that have found that exhaustion requirements can be waived only allow waiver where: (1) pursuing administrative remedies would prejudice the defendant; (2) the administrative process would be inadequate because of some legitimate question as to whether the BOP could grant the requested relief; or (3) the BOP has been shown to have already determined the issue presented or otherwise have been biased against the defendant. See Milner,

2020 WL 2744088, at *3 (citing McCarthy v. Madigan, 503 U.S. 140, 146–48 (1992) and Shorter v. Warden, 803 F. App'x 332, 336 (11th Cir. 2020)); Sawicz, 2020 WL 1815851, at *2.

Here, the Court need not wade into the debate over whether Section 3582(c)(1)(A)'s exhaustion requirement is waivable. Even if the requirement *can be waived* Defendant has failed to establish that it *should be waived* on the specific facts of this case. He has not credibly argued that the BOP cannot process and present his claim for compassionate release, that the agency has already made a decision that would preclude his request and appeal, or that it is biased against him. Defendant has also not plausibly explained how his health conditions combined with COVID-19 pose such an imminent risk that the Court should take the extraordinary measure of circumventing the agency review that Congress mandates. While Defendant's medical conditions are not trivial, they do not rise to the level of age and health conditions that have compelled courts to waive Section 3582(c)(1)(A)'s exhaustion requirement.[2] See, e.g., Pomante, 2020 WL 2513095, at *2–4 (waiving exhaustion requirement where "Defendant is 69 years old and, most significantly, suffers from chronic kidney disease, hypertension, and diabetes"); Milner, 2020 WL 2744088, at *1–4 (waiving exhaustion requirement where defendant suffered from multiple sclerosis, was unable to receive adequate treatment, and was confined to a wheelchair); Zukerman, 2020 WL 1659880, at *1 (waiving exhaustion requirement where defendant was 75 years old and suffered from diabetes, hypertension, and obesity). Indeed, when faced with compassionate release requests from defendants who have health risks similar to or even fare more severe than Defendant's, courts have declined to find that COVID-19 warrants waiving the exhaustion

---

[2] The Centers for Disease Control ("CDC") includes individuals with hypertension among those that "are at an increased risk of severe illness from the virus that causes COVID-19." See Centers for Disease Control, *Groups At Higher Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on February 24, 2021). Rather, the CDC lists individuals with hypertension among those that "might be at an increased risk." Id. Hepatitis C is not included on either list.

requirement. See United States v. Bunch, No. 19-CR-20550-BB, 2020 WL 2839174, at *1–3 (S.D. Fla. May 28, 2020) (denying motion for release based on COVID-19 concerns due, in part, to defendant's failure to exhaust administrative remedies where defendant suffers from "high blood pressure, asthma, diabetes, and other weight related ailments"); United States v. Bueno-Sierra, No. 93-CR-00567-BLOOM, 2020 WL 2526501, at *1–5 (S.D. Fla. May 17, 2020) (denying motion for release based on COVID-19 concerns due, in part, to defendant's failure to exhaust administrative remedies even though defendant is "seventy-two years old and suffers from several health conditions, including in pertinent part, diabetes and hypertension").

Congress has mandated that defendants present their Section 3582(c)(1)(A) claims for compassionate release to the BOP prior to coming to this Court. The Court will not waive that requirement on the facts of this case. Thus, the Court cannot grant Cushman compassionate release until he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Cushman implicitly concedes that he did not exhaust all administrative rights to appeal a prior to filing his Motion. Consequently, the Court **DENIES** Cushman's request for compassionate release.

B.  **Defendant has not Established that Extraordinary and Compelling Reasons Warrant his Release and that his Release is Consistent with the Sentencing Commission's Policy Statements.**

Moreover, the Court may only grant Cushman compassionate release and reduce his sentence if it finds that "extraordinary and compelling reasons" warranting such a reduction and that the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement, explaining that a sentence reduction may be

9

ordered where a court determines, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). The application notes to this policy statement list three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under Section 3582(c)(1)(A): (1) a medical condition; (2) advanced age; and (3) family circumstances. Id. at § 1B1.13 cmt. n.1(A)–(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. at § 1B1.13 cmt. n.1(D).

In this case, the only category into which Cushman may possibly fall is a qualifying medical condition.[3] As an initial matter, Cushman has failed to establish the specifics of his

---

[3] In his Motion, (doc. 1340, p. 2—3), Cushman also indicates that he relies upon the fourth "catch-all" category that provides relief when: "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. U.S. SENTENCING GUIDELINES MANUAL at § 1B1.13 cmt. n.1(D). Cushman does not explain how this provision would apply to this case. To the extent that Cushman argues that the First Step Act allows the Court to find extraordinary and compelling reasons exist outside of the three enumerated examples in Section 1B1.13 and independent of the BOP's determination, the Court disagrees. Chief Judge J. Randal Hall of this District rejected such an argument, and having reviewed the applicable authorities, I fully concur with Judge Hall's following thorough and compelling analysis:

> [Defendant's] contention is not without support. In at least four judicial districts, courts have determined that the First Step Act signaled an intent from Congress that district courts may now consider whether extraordinary and compelling reasons for compassionate release exist other than those delineated in U.S.S.G. § 1B1.13 n.1. See United States v. Brown, —— F. Supp. 3d ——, 2019 WL 4942051, *4 (S.D. Iowa Oct. 8, 2019) (holding that the district court now assumes the same discretion as the BOP Director when it considers a compassionate release motion); United States v. Fox, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("I treat the previous BOP discretion to identify other extraordinary and compelling reasons as assigned now to the courts."); United States v. Beck, 2019 WL 2716505 (M.D.N.C. June 28, 2019); United States v. Cantu, 2019 WL 2498923 (S.D. Tex. June 17, 2019). These courts have held that the policy statement of U.S.S.G. § 1B1.13 is simply outdated because it assumes that compassionate release may only be granted upon motions by the Director of the BOP. See, e.g., Beck, 2019 WL 2716505, at *5 ("There is no policy statement applicable to motions for compassionate release filed by defendants

medical condition. If Cushman suffers from high blood pressure, as he alleges, he might be at an increased risk for severe illness from the virus that causes COVID-19. See Centers for Disease Control, *Groups At Higher Risk for Severe Illness*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited on September 8, 2020). However, to qualify as extraordinary and compelling, an inmate's medical condition must be "serious and advanced . . . with an end of life trajectory," or must be serious enough that it "substantially diminish[es] the ability of the [inmate] to provide

---

under the First Step Act.").

These cases, however, rest upon a faulty premise that the First Step Act somehow rendered the Sentencing Commission's policy statement an inappropriate expression of policy. This interpretation, and it appear to be an interpretation gleaned primarily from the salutary purpose expressed in the title of Section 603(b) of the First Step Act, contravenes express Congressional intent that the Sentencing Commission, not the judiciary, determine what constitutes an appropriate use of the "compassionate release" provision. See 28 U.S.C. § 944(t). Indeed, § 3582(c) (1) (A) as amended by the First Step Act still requires courts to abide by policy statements issued by the Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, this Court will follow the policy statement in U.S.S.G. § 1B1.13 and deny [Defendant's] motion because she does not meet the specific examples of extraordinary and compelling reasons and the Director of the BOP has not determined that circumstances outside of these examples exist to afford her relief. Accord, e.g., United States v. Lynn, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 12, 2019) ("If the policy statement needs tweaking in light of Section 603(b) [of the First Step Act], that tweaking must be accomplished by the [Sentencing] Commission, not by the courts."); United States v. Johns, 2019 WL 2646663 (D. Ariz. June 28, 2019); United States v. Gross, 2019 WL 2437463 (E.D. Wash. June 11, 2019); United States v. Heromin, 2019 WL 2411311 (M.D. Fla. June 7, 2019); United States v. Willis, 2019 WL 2403192 (D.N.M. June 7, 2019); United States v. Shields, 2019 WL 2359231 (N.D. Calif. June 4, 2019) (stating that there is no "authority for the proposition that the Court may disregard guidance provided by the Sentencing Commission where it appears that such guidance has not kept pace with statutory amendments").

United States v. Willingham, No. 1:13-cr-10, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019); see also, United States v. Saldana, 807 F. App'x 816, 820 (10th Cir. 2020) ("Because [defendant] is unable to show that he satisfies 'one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [his] request.'"). Because Cushman failed to provide any extraordinary or compelling reasons as delineated United States Sentencing Guideline § 1B1.13, the Court denies his request. Moreover, even if Cushman's arguments fall within Section 3582(c)(1)(A)'s ambit, the Court finds nothing extraordinary or compelling regarding his circumstances. While he makes allegations regarding COVID-19 and the BOP's response thereto, he fails to demonstrate how those circumstances pose an individualized risk to him.

self-care within the environment of a correctional facility and . . . he or she is not expected to recover [from it]." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13, cmt. n.1(a)(i). Cushman presents no medical evidence of her alleged conditions, much less that these conditions meet either of these criteria. Rather, he relies on generalized and hyperbolic statements. See Bunch, 2020 WL 2839174, at *3 ("The Defendant fails to provide medical documentation, reports or even to allege the severity of his illnesses and what treatments he is or is not receiving for them. Nor does he allege that any such ailment is terminal or that it substantially diminishes his ability to provide self-care within the correctional facility environment."). This scant showing is insufficient to obtain the extraordinary relief he seeks. Indeed, Cushman indicates that he has actually already tested positive for the Coronavirus, but does not indicate that he suffered any remarkable effects of the virus. (Doc. 1340, p. 9.) In short, without compelling medical evidence that the risk of transmission of COVID-19 within the facility poses a significant risk to Cushman's health, the Court **DENIES** Cushman's request for compassionate release on this ground as well.

      **C.**      **Even if Cushman had Demonstrated Extraordinary and Compelling Reasons, the Section 3553(a) Factors do not Support his Compassionate Release.**

Additionally, the Court can only grant compassionate relief "after considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A); see also, United States v. Webster, No. 3:91CR138, 2020 WL 618828, at *5–6 (E.D. Va. Feb. 10, 2020) (denying defendant compassionate release even though defendant's terminal cancer presented extraordinary and compelling grounds for relief because the purposes of sentencing weigh against compassionate release and noting "[e]ven if a defendant meets the eligibility criteria for compassionate release, the Court retains discretion over whether to grant that relief."). Pursuant to Section 3553(a), federal courts must impose sentences "sufficient, but not greater than necessary" to satisfy the purposes of sentences. 18 U.S.C. § 3553(a). To that end, courts must consider:

    1.    the nature and circumstances of the offense and the history and characteristics of the defendant;
    2.    the need for the sentence imposed –
        a.  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
        b.  to afford adequate deterrence to criminal conduct;
        c.  to protect the public from further crimes of the defendant; and
        d.  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
    3.    the kinds of sentences available;
    4.    the kinds of sentences and the sentencing range established for [the applicable offense category as set forth in the guidelines];
    5.    any pertinent policy statement ... by the Sentencing Commission;
    6.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
    7.    the need to provide restitution to any victims of the offense.

Id.

An evaluation of these factors weighs heavily against Cushman's request for compassionate release. The nature and circumstances of Cushman's offense are troubling. Cushman pleaded guilty to a serious crime for which Congress imposes a penalty of up to twenty years' imprisonment. Cushman already received a sentence well below that penalty. Moreover, though substantial evidence exists that Cushman distributed copious amounts of dangerous illicit drugs, the weight attributed to him, though still quite significant, was limited by his plea agreement. (See, doc. 740, pp. 7—10.) Moreover, Cushman's history and characteristics, including his past convictions, are also troubling. (Id. at pp. 12—20.) Further, Cushman was only sentenced twenty-one months ago. Even considering the time that Cushman was detained prior to his sentencing, releasing him after such a short period would not reflect the seriousness of his offense, would not provide just punishment, and would contradict the purposes of deterrence. 18 U.S.C. § 3553(a)(2)(A)-(B). Perhaps most importantly, given Cushman's history of distributing deadly substances, his release would not sufficiently protect the public from his dangerous conduct. 18 U.S.C. § 3553(a)(2)(C). Further, remaining within the custody of the BOP provides

Cushman the opportunity to receive "needed educational or vocational training" and "other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Moreover, allowing him to be released would create significant sentencing disparities between Cushman and other defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). In sum, the Court has reviewed all of the Section 3553(a) factors and finds that they warrant the denial of Cushman's motion for compassionate release.

## CONCLUSION

Based upon the foregoing, the Court the Court **GRANTS** the United States' Motion to Dismiss, (doc. 1342), **DENIES** Cushman's Motion to Reduce Sentence, (doc. 1340), and **DENIES** his Motion for Appointment of Counsel, (doc. 1341).

**SO ORDERED**, this 26th day of February, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA